**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Rafael Cabrera, individually and on behalf of other
employees similarly situated, Plaintiffs
v.
A. K. Auto Service, Inc., and Ayub M. Khan,
individually, Defendants

## COMPLAINT

NOW COMES the Plaintiff Rafael Cabrera ("Plaintiff"), individually, and on behalf of

other employees similarly situated, pursuant to 29 U.S.C. § 201 et seq., commonly known as the

Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq*., commonly known as the Illinois

Minimum Wage Law ("IMWL"), and complains against Defendants A. K. Auto Service, Inc., ("A.

K. Auto Service") and Ayub M. Khan ("Khan") and in support, states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act,

   29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et

   seq*. ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees

   overtime wages for hours worked in excess of forty (40) hours in a workweek.

2. Defendants' unlawful compensation practices have, and have had, the effect of denying

   Plaintiff and other similarly situated Plaintiffs their earned and living wages.

3. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29

   U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions

   arising under acts of Congress relating to commerce).

5.  This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

7.  Plaintiff resides, is domiciled, and works for Defendants in Cook County, Illinois, which is in this judicial district.

8.  During the course of his employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq*., and the IMWL, 820 ILCS 105/1 *et seq*.

### Defendants

9.  Defendant A. K. Auto Service is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Based on information and belief, Defendant A. K. Auto Service has annual gross sales of $500,000.00 or more.

11. Defendant A. K. Auto Service is Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

12. Defendant Khan is the owner of A. K. Auto Service and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise

2

the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant Khan is Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

14. Upon information and belief, Defendant Khan resides and is domiciled in this judicial district.

15. Upon information and belief, Defendants did not record and preserve employee records in accordance with 29 C.F.R. Part 516.

16. Upon information and belief, a notice of employee rights under the FLSA, with content prescribed by the Wage and Hour Division of the United States Department of Labor, was not posted in a conspicuous area of the workplace as required by the FLSA.

## **FACTS**

17. Plaintiff works for Defendant A. K. Auto Service since June 2006.

18. Plaintiff works as a mechanic for Defendants.

19. During the course of his employment, Plaintiff's work activities engage him individually in commerce.

20. During the course of his employment, Plaintiff handles goods that move in interstate commerce.

21. Defendants set Plaintiff's work schedule as six (6) days a week, Mondays to Fridays from 8:00 a.m. to 6:00 p.m., and Saturdays from 9:00 a.m. to 3:00 p.m.

22. Plaintiff works approximately 53 hours per week.

23. Plaintiff has a thirty (30) minute lunch break.

24. Prior to July 2014, Plaintiff was paid $525.00 per week.

25. Since July 2014, Plaintiff is paid $550.00 per week.

26. Plaintiff is paid in cash.

27. Plaintiff does not receive overtime wages at time and a half his regular hourly rate despite working more than forty (40) hours per week.

28. Plaintiff is paid his regular hourly rate for all time worked in excess of forty (40) hours in a workweek.

29. Plaintiff was not, and at all relevant times has not been, exempt from the overtime provisions of the FLSA and IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

30. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

31. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

32. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

34. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A.  Determine that this action may be maintained as a collective action pursuant to the FLSA.

B.  Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C.  Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D.  Declare Defendants to be in violation of the FLSA;

E.  Enjoin Defendants from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

35. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

37. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

38. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

39. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendant's violated the IMWL by failing to pay Plaintiff, overtime wages for all hours worked in individual work weeks.

42. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A.  Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B.  Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E.  Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
CONSUMER LAW GROUP, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com